# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAYMOND A. WELCH,**

    **Plaintiff,**

v.

Civil Action 2:20-cv-1795
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Raymond A. Welch, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 15), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 17), Plaintiff's Notice of Supplemental Authority (ECF No. 18), and the administrative record (ECF No. 14).

For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner under Sentence Four of § 405(g). It is **FURTHER RECOMMENDED** that, upon remand, the Social Security Administration shall assign a new, properly appointed administrative law judge to Plaintiff's claim.

## I. BACKGROUND

Plaintiff filed his applications for disability insurance benefits and for supplemental security income in March 2014, alleging that he has been disabled since August 7, 2009, due to epilepsy, bi-polar disorder, diabetes, Post-Traumatic Stress Disorder, GERD, acid reflux, hypertension, and sleep apnea. (R. at 215-22, 244.) Plaintiff's applications were denied initially and upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 170-82.) Administrative law judge ("ALJ") Jeffrey Hartranft held a video hearing on November 16, 2016, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 36-60.) On February 17, 2017, ALJ Hartranft issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 15–35.) On March 13, 2017, Plaintiff filed a Request for Review of Hearing Decision Order. (R. at 212-14.) On January 5, 2018, the Appeals Council denied Plaintiff's request for review and adopted ALJ Hartranft's decision as the Commissioner's final decision. (R. at 1-6.)

On March 5, 2018, Plaintiff filed an action in this Court seeking judicial review of the Commissioner's decision. *See Welch v. Commissioner of Social Security*, Case No. 2:18-cv-186. Shortly thereafter, on June 21, 2018, the Supreme Court of the United States issued its decision in *Lucia v. S.E.C.*, 585 U.S. ----, 138 S. Ct. 2044, 201 L. Ed. 2d 464 (2018), which held that the appointment of Securities and Exchange Commission ("SEC") ALJs by lower level staff had violated the Constitution's Appointments Clause. *Id.* On July 16, 2018, in response to the *Lucia* decision, the Social Security Administration's Acting Commissioner Nancy Berryhill ratified the appointments of all Social Security ALJs and issued Social Security Ruling 19-1p (effective

March 15, 2019), which was intended to grant relief to any claimant who "(1) timely requests Appeals Council review of an ALJ's decision or dismissal issued before July 16, 2018; and (2) raises before us (either at the Appeals Council level or previously had raised at the ALJ level) a challenge under the Appointments Clause to the authority of the ALJ who issued the decision or dismissal in the case." *See* SSR 19-1p, 84 Fed. Reg. 9582, 9582-9584 (Mar. 15, 2019) (the "SSR 19-1p"), citing Social Security Emergency Message (EM) 18003 REV 2, § B, available at: https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM. Specifically, SSR 19-1p provided that when the Appeals Council granted a request for review, it would either "remand the case to a different ALJ; issue a new, independent decision; or, as appropriate, issue an order dismissing the request for a hearing." SSR 19-1p at 9583.

On November 29, 2018, upon a joint motion of the parties, the Court remanded the matter to the Commissioner for further administrative proceedings. (R. at 603-07.) On December 9, 2019, Plaintiff's counsel wrote ALJ Hartranft a letter requesting "that this case be reassigned to a different [ALJ]" in light of the *Lucia* decision. (R. at 700.) That request notwithstanding, ALJ Hartranft held a supplemental hearing on December 10, 2019, at which Plaintiff, represented by counsel, appeared and testified. (R. at 543-75.) On December 12, 2019, Plaintiff's counsel wrote ALJ Hartranft another letter, stating that "[o]ur position is that [Plaintiff's] constitutional rights were violated by the [SSA] and, under SSR 19-1p, the correct remedy is to reassign this case to a different [ALJ]." (R. at 701.)

On January 10, 2020, ALJ Hartranft again found that Plaintiff was not disabled. (R. at 516-42.) Plaintiff did not request review by the Appeals Council, opting to directly file suit with

this Court. On October 8, 2020, Plaintiff filed his Statement of Errors. (ECF No. 15.) On November 18, 2020, the Commissioner filed an Opposition. (ECF No. 16.) On December 3, 2020, Plaintiff filed a Reply. (ECF No. 17.) Then, on April 26, 2021, Plaintiff filed a Notice of Supplemental Authority, alerting the Court to the Supreme Court's April 22, 2021 decision in *Carr, et al. v. Saul*, 593 U.S. __ , 141 S.Ct. 1352 (2021). (ECF No. 18.) As highlighted by Plaintiff, in *Carr* the Supreme Court reviewed *Lucia* and SSR 19-1p and held that social security claimants do not forfeit Appointments Clause challenges by failing to make them first to their respective administrative law judges at the agency level. (*Id.*, citing *Carr*, 141 S.Ct. at 1356.) Plaintiff therefore requests that "this matter should be remanded for hearing by a different, constitutionally appointed ALJ." (*Id.* at PAGEID # 1282.)

## II.   ANALYSIS

In his Statement of Errors, Plaintiff contends that: (i) the ALJ's decision should be reversed because the ALJ originally issued a decision denying benefits to Plaintiff before the ALJ had been properly appointed; (ii) the ALJ's decision should be reversed because the ALJ improperly evaluated the opinions of the State Agency psychologist; and (iii) the ALJ's decision should be reversed because the ALJ failed to provide good reasons for according less than controlling weight to treating source opinions. (ECF No. 15.) The Undersigned finds Plaintiff's first contention of error to be well-taken.[1]

---

[1] This threshold finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. Thus, the Undersigned need not, and does not, resolve the alternative bases Plaintiff asserts supports reversal and remand.

In his Statement of Errors, Plaintiff discusses the Appointments Clause, U.S. CONST. art. II, § 2, cl. 2, the Supreme Court's *Lucia* decision, and SSR 19-1p before arguing that this should be a straightforward issue:

> Thus, there can be no debate over the fact that ALJ Hartranft was not properly appointed when he oversaw the administrative hearing held on November 16, 2016. There also can no debate over the fact that ALJ Hartranft was not properly appointed when he issued the written decision denying benefits to Mr. Welch dated February 17, 2017. Through SSR 19-1p and the agencies own Emergency Message, the Commissioner has even admitted that ALJs such as ALJ Hartranft, who presided over hearings and issued decisions prior to July 16, 2018, were not properly appointed. SSR 19-1p; *see also* (https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). Given the undisputed facts of this case, it is clear that ALJ Hartranft, at the time of his decision to deny Mr. Welch benefits, was not properly appointed.

(ECF No. 15 at PAGEID ## 1246-1251.) Plaintiff also argues that the Sixth Circuit Court of Appeals' decision in *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020), confirmed that "exhaustion of Appointments Clause challenges were not required" and that "[t]hus, both the Supreme Court [and] the Sixth Circuit agree that [Plaintiff] is entitled to a new hearing with a new ALJ." (ECF No. 15 at PAGEID # 1252.) Plaintiff concludes that the ALJ's failure to reassign the case to a new ALJ upon remand constitutes reversible error. (*Id.* at PAGEID # 1253.)

In response, the Commissioner argues that "at all times relevant to the ALJ's January 10, 2020 decision that is at issue in this case, the ALJ had been properly appointed[.]" (ECF No. 16 at PAGEID # 1263.) The Commissioner dismisses Plaintiff's argument as a red herring, arguing that "[t]he fact that Plaintiff previously appeared for a hearing before the ALJ in 2016, is of no import here because the ALJ's prior 2017 decision was vacated by this Court in November

2018." (*Id.*)  The Commissioner also argues that Plaintiff essentially waived the ability to challenge the ALJ's appointment by not challenging it during the prior administrative proceedings or when he appealed the 2017 ALJ decision.  (*Id.* at PAGEID # 1264.)  Instead, the Commissioner relies on a case from the District Court for the Western District of Pennsylvania, and concludes that "*Lucia* does not (and cannot) warrant remand under these circumstances." (*Id.* at PAGEID ## 1264-1265, citing *Govachini v. Comm'r of Soc. Sec.*, No. 19-1433, 2020 WL 5653339 (W.D. Pa. Sept. 23, 2020).)

In Reply, Plaintiff maintains that his constitutional right was violated by the ALJ at the time of the administrative hearing in 2016, and that the only remedy for such violation is that his claim should be reassigned to a different ALJ on remand.  (ECF No. 17 at PAGEID # 1274-1276 ("The only remedy here, ergo the holding in *Lucia* and Social Security's own ruling SSR 19-1p, was to reassign the case to a different ALJ.").)  Then, after the close of briefing, Plaintiff submitted a Notice of Supplemental Authority, alerting the Court to the Supreme Court's recent decision in *Carr*.  (ECF No. 18.)  Plaintiff argues that *Carr* supports Plaintiff's position, as it "rejected the Commissioner's request for a judicially created issue exhaustion requirement arising from Appointment Clause challenges."  (*Id.*)

The Undersigned finds that Plaintiff's arguments are well taken.  First, the Court finds that there is no dispute that ALJ Hartranft was improperly appointed when he originally heard the case in 2016 and decided the case in 2017.[2]  The questions before this Court therefore appear

---

[2] The Commissioner has not presented any argument or evidence to the contrary, and the Court finds that by focusing its Opposition solely on the fact that ALJ Hartranft was properly appointed when he issued his 2020 decision, and repeatedly arguing that "the 2017 decision is simply not before this Court," the Commissioner has implicitly conceded that ALJ Hartranft was not

to be whether Plaintiff was entitled to a new ALJ once the case was remanded in 2018, and if so, whether Plaintiff timely raised his Appointments Clause challenge. Under the Appointments Clause, *Lucia*, SSR 19-1p, *Ramsey*, and *Carr*, the answers to those questions appear to be a clear "yes."

First, the Appointments Clause of the Constitution sets forth the exclusive means of appointing "Officers":

> [The President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the Senators present concur; and [the President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. CONST. art. II, ¶ 2, cl. 2. In *Lucia*, the Supreme Court reviewed the Appointments Clause and held that SEC ALJs were "Officers of the United States," and as such their appointment by SEC staff violated the Appointments Clause because "[o]nly the President, a court of law, or a head of department" can appoint Officers. *Lucia*, 138 S. Ct. at 2051-2055. The Court further held that "the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed official.'" *Id.* at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 183, 188, 115 S.Ct. 2031). The Court clarified, however, that the new hearing must not be before the original ALJ, "even if [the ALJ had] . . . received (or receive[d] sometime in the future) a constitutional appointment." *Id.* The Court reasoned that in such

---

properly appointed when he conducted the 2016 hearing and issued his 2017 decision. (*See* ECF No. 16.)

circumstances, the original ALJ "has already both heard [Plaintiff's] case and issued an initial decision on the merits," and "cannot be expected to consider the matter as though [they] had not adjudicated it before." *Id.* (footnote omitted). "To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [Plaintiff] is entitled." *Id.* (footnote omitted).

Shortly after *Lucia* was decided, the Social Security Administration ("SSA") issued SSR 19-1p with the express purpose of "explain[ing] how we will adjudicate cases pending at the Appeals Council in which the claimant has raised a timely challenge to the appointment of an administrative law judge . . . under the Appointments Clause of the United States Constitution in light of the Supreme Court's recent 2018 decision in *Lucia v. SEC*." 84 Fed. Reg. 9582. SSR-19-p recognized that *Lucia* "did not specifically address the constitutional status of ALJs who work in other Federal agencies, including the [SSA]," so "[t]o address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own." *Id.* at 9583. SSR 19-1p also set forth a procedure for timely-raised Appointments Clause challenges:

> When the Appeals Council grants review based on a timely-raised Appointments Clause challenge, [Administrative Appeals Judges] who have been appointed by the Acting Commissioner (or whose appointments the Acting Commissioner has ratified) will vacate the hearing decision or dismissal. **In cases in which the ALJ made a decision, the Appeals Council will conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision.** In its review, the Appeals Council will not presume that the prior hearing decision was correct.

8

> \*\*\*
>
> The Appeals Council will either **remand the case to a different ALJ**; issue a new, independent decision; or, as appropriate, issue an order dismissing the request for a hearing.

*Id.* at 9583-9584 (emphasis added). SSR 19-1p did not, however, provide clarity for claimants who did not object to their ALJs' appointments in their administrative proceedings.

In September 2020, the Sixth Circuit addressed this question and held that "a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise that claim before the agency." *Ramsey*, 973 F.3d at 546-547. The Sixth Circuit also expressly adopted the relief from *Lucia*, ordering that "claimants are entitled to the remedy that *Lucia* held was appropriate: **a new hearing before ALJs other than the ALJs who conducted their original hearings**." *Id.* at 547 (emphasis added). The Sixth Circuit's decision, however, added to a Circuit split on the issue. On November 9, 2020, the Supreme Court granted certiorari to resolve the conflict in two cases (which were then consolidated for consideration). *See Carr v. Saul*, 141 S. Ct. 813, 208 L. Ed. 2d 397 (2020); *Davis v. Saul*, 141 S. Ct. 811, 208 L. Ed. 2d 397 (2020).

In *Carr*, petitioners had been denied judicial review of their Appointments Clause claims because they had failed to raise those challenges in their administrative proceedings. *Carr*, 141 S.Ct. at 1354. The Supreme Court noted that "petitioners argue that they are entitled to new hearings **before different ALJs** because the ALJs who originally heard their cases were not properly appointed under the Appointments Clause of the U.S. Constitution." "The question for the Court is whether petitioners forfeited their Appointments Clause challenges by failing to

9

make them first to their respective ALJs." *Id.* at 1356 (emphasis added). The Court ultimately agreed with the petitioners and held that the petitioners had not forfeited their claims. *Id.*

The Supreme Court's analysis focused on whether Social Security hearings were adversarial proceedings or inquisitorial, as the hearings would need to be "analog[ous] to judicial proceedings" to warrant a judicially created issue exhaustion requirement. *Id.* at 1358-1362 (quoting *Sims v. Apfel*, 530 U.S. 103, 112, 120 S.Ct. 2080 (plurality opinion)). Ultimately, the Court found that Social Security hearings did not warrant a judicially created issue exhaustion requirement, as the Court "has often observed that agency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' areas of technical expertise" and "has consistently recognized a futility exception to exhaustion requirements":

> Both considerations apply fully here: **Petitioners assert purely constitutional claims about which SSA ALJs have no special expertise and for which they can provide no relief.** \* \* \* Here, by contrast, the SSA's administrative review scheme at no point afforded petitioners access to the Commissioner, the one person who could remedy their Appointments Clause challenges. Nor were the ALJs capable of remedying any defects in their own appointments. After all, there were no Commissioner-appointed ALJs to whom objecting claimants' cases could be transferred, and the ALJs could not very well have reappointed themselves.

*Id.* at 1360-1361 (emphasis added).

The Court then rejected the Commissioner's argument that petitioners had failed to make timely challenges, and held that "[w]here, as here, claimants are not required to exhaust certain issues in administrative proceedings to preserve them for judicial review, claimants who raise those issues for the first time in federal court are not untimely in doing so." *Id.* at 1362. The Court reversed and remanded, and in doing so resolved the Circuit split in favor of the Sixth

Circuit's opinion in *Ramsey* (as well as similar decisions from the Third and Fourth Circuits). *Id.*; *see also Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3rd Cir. 2020); *Probst v. Saul*, 980 F.3d 1015 (4th Cir. 2020).

In light of the foregoing authority, the Undersigned agrees with Plaintiff that (a) Plaintiff was entitled to a new hearing, before a new ALJ, after the case was remanded; and (b) Plaintiff's Appointments Clause challenge was timely. First, while the Commissioner appears to be determined not to acknowledge ALJ Hartranft's involvement in Plaintiff's claim before 2019, the Court cannot deny this reality. Because ALJ Hartranft initially heard and ruled on Plaintiff's claim, he could not then un-ring that bell and "be expected to consider the matter as though he had not adjudicated it before." *Lucia*, 138 S.Ct. at 2055. In such circumstances, *Lucia* and SSR 1-19p confirm that "the appropriate remedy for an adjudication tainted with an appointments violation is a new hearing," and "another ALJ . . . must hold the new hearing." *See Lucia*, 138 S.Ct. at 2055.

As to Commissioner's second argument, *Ramsey* and *Carr* confirm that Plaintiff did not waive his Appointments Clause challenge. In fact, the record shows that Plaintiff repeatedly directed ALJ Hartranft to the *Lucia* decision and requested reassignment to another ALJ prior to initiating this action in federal court, including before the December 2019 hearing – even if Plaintiff did not raise the argument during the December 2019 hearing. (R. at 700-701.) The Court finds that Plaintiff was right to highlight the *Lucia* decision for ALJ Hartranft before the December 2019 hearing, but even if he hadn't, Plaintiff still would have timely asserted his Appointments Clause challenge if he had done so for the first time in the subject action. *See*

11

*Carr*, 141 S.Ct. at 1362 ("[C]laimants who raise those issues for the first time in federal court are not untimely in doing so.").

Under these circumstances, ALJ Hartranft violated Plaintiff's constitutional rights twice: first, by ruling on Plaintiff's claim in 2017 without having been properly appointed; and second, by refusing to reassign Plaintiff's claim to a different ALJ after the case was remanded.  The facts that ALJ Hartranft was subsequently properly appointed, and that his 2017 decision was subsequently vacated, have no impact on this conclusion, because the damage had already been done when ALJ Hartranft improperly considered and ruled on Plaintiff's claim.  Accordingly, Plaintiff is correct that "this matter should be remanded for hearing by a ***different***, constitutionally appointed ALJ."  (ECF No. 18 (emphasis added).)

### III.    CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).  It is **FURTHER RECOMMENDED** that, upon remand, the Social Security Administration shall assign a new, properly appointed ALJ to Plaintiff's claim.

### IV.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: May 11, 2021**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**